IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DON MCADAMS § | |
| (BOP Register No. 37768-177), § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | No. 3:18-cv-2059-K-BN |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Don McAdams, an inmate at FCI Seagoville (an institution in the Dallas Division of this district), has filed a *pro se* habeas petition under 28 U.S.C. § 2241 requesting that the Court "[i]ssue a Nunc Pro Tunc order to either withdraw his guilty plea agreement as stated in original State of Oklahoma v. McAdams or order it to be corrected as originally pled, running concurrent with his Federal Sentence" and "[t]o order the Bureau of Prisons to release defendant McAdams on his release day as the State of Oklahoma has no authority to order that defendant be detained." Dkt. No. 3 at 1. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss the habeas petition.

**Applicable Background**

McAdams is in federal custody after pleading guilty to one count of transporting

a minor in interstate commerce with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a), and being sentenced to 127 months of imprisonment. *See United States v. McAdams*, No. 4:09-cr-00059-MAC-CAN, Dkt. No. 35 (E.D. Tex. Feb. 8, 2010). The federal judgment out of the Plano Division of the Eastern District of Texas fails to mention whether McAdams's federal sentence is to run concurrent with other state or federal sentences. *See id.* at 2.

McAdams explains in his petition that this sentence "is due to expire August 6, 2018, to which the State of Oklahoma has placed a detainer with the Bureau of Prisons to hold him to be picked up to begin serving a consecutive state sentence of 10 years." Dkt. No. 3 at 2; *see also id.* at 9-15 (state judgments dated later than the federal judgment).

## Legal Standards

"Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require,'" *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) – that statute "authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government," *Gatte v. Upton*, No. 4:14-cv-376-Y, 2014 WL 2700656, at *1 (N.D. Tex. June 13, 2014) (footnote omitted). And, under the Rules Governing Section 2254 Cases in the United States District Courts – which "also apply to § 2241 habeas cases," *Romero v. Cole*, No. 1:16-cv-148, 2016 WL 2893709, at *2 & n.4 (W.D. La. Apr. 13, 2016) (collecting authority, including *Castillo v. Pratt*, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001)), *rec. accepted*, 2016 WL 2844013 (W.D. La. May 12, 2016) – "[i]f it plainly appears from the

petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition," RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

## Analysis

First, to the extent that McAdams is challenging an Oklahoma state criminal judgment – by now asserting that his guilty plea in state court was not voluntary – neither is Section 2241 (the general habeas statute) the proper vehicle nor is this Court the proper forum. That challenge should instead be made in a state habeas proceeding, and federal review of that proceeding may then be available under 28 U.S.C. § 2254.

But, to the extent that McAdams's request is that his federal and state sentences run concurrently, that request may be considered under Section 2241. *See, e.g., Lee v. United States*, No. 10 Civ. 1447 (BMC), 2010 WL 2737174, at *1 (E.D.N.Y. July 9, 2010) ("similar requests from prisoners have [been] considered ... properly filed as either a motion under section 2241 or 2255" (collecting cases)). And that request should be denied.

"Where multiple terms of imprisonment are imposed at different times and the court is silent as to whether those sentences are to run concurrent or consecutive, the default is that they run consecutive." *Id.* at *2 (citing 18 U.S.C. § 3584(a)); *see also, e.g., Jones v. Carvajal*, No. 14-CV-2693, 2015 WL 110142, at *4 (W.D. La. Jan. 7, 2015) (Section "3584(a) provides that multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. In this case, the federal judge did not order Petitioner's sentence of 24 months to run

-3-

concurrent to the previously imposed state sentence. In fact, the federal judgment did not even mention the state sentence at the time of sentencing. The [United States Court of Appeals for the] Fifth Circuit has held that when the sentencing court makes no mention of a prior state sentence, the federal sentence shall run consecutive to the state sentence." (citing *Jones v. Joslin*, 635 F.3d 673 (5th Cir. 2011); emphases omitted)).

Further, "[a]fter a sentence has been imposed, the court is limited to modifying a term of imprisonment under only those circumstances outlined in 18 U.S.C. § 3582(c), none of which are present in this case," and "[i]t is the BOP that has discretion to determine whether petitioner's sentence will be served concurrently with, or consecutive to, his state sentence." *Lee*, 2010 WL 2737174, at *2 (footnote and citation omitted)).

## Recommendation

The Court should summarily dismiss the habeas petition.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 9, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE